

## UNITED STATES DEPARTMENT OF EDUCATION

THE DEPUTY SECRETARY

October 30, 2002

### MEMORANDUM

TO:       Terri Shaw
          Chief Operating Officer
          Federal Student Aid

FROM:     William D. Hansen
          Deputy Secretary

SUBJECT:  Enforcement policy for violations of incentive compensation prohibition
          by institutions participating in student aid programs

The purpose of this memorandum is to provide direction with regard to the Department's response to violations of section 487(a)(20) of the Higher Education Act, which prohibits participating institutions' payment of incentive compensation to any persons or entities engaged in student recruiting where such payments are based on student enrollment.[1]

The statutory prohibition was designed to reduce the financial incentive for an institution to enroll students by misrepresenting the quality of the institution, or the ability of students to benefit from its educational programs. The Department has in the past measured the damages resulting from a violation as the total amount of student aid provided to each improperly recruited student. After further analysis, I have concluded that the preferable approach is to view a violation of the incentive compensation prohibition as not resulting in monetary loss to the Department. Improper recruiting does not render a recruited student ineligible to receive student aid funds for attendance at the institution on whose behalf the recruiting is conducted. Accordingly, the Department should treat a violation of the law as a compliance matter for which remedial or punitive sanctions should be considered.

In some instances, violations of the prohibition, either themselves or in combination with other program violations, may constitute a basis for limitation, suspension, or termination action. However, much more commonly, the appropriate sanction to consider will be the imposition of a fine.

Violations of the prohibition are to be considered as consisting of the incentive payments to any persons or entities engaged in any student recruiting that relate to the number of

---

[1] Section 487(a)(20) also references incentive compensation for individuals engaged in some activities other than recruiting on behalf of an institution. While there have been few occasions where improper compensation for those other activities has come to the Department's attention, those activities should also be considered as covered by the direction in this Memorandum.

**EXHIBIT G**

students enrolled as a result of the recruiting. In determining the amount of a fine, the Office of Federal Student Aid (FSA) is to take into account the extent to which the institution appeared to be knowingly violating the law, as would be evidenced, for example, by attempts to disguise its compensation plan and by other aggravating factors, such as documented misrepresentations to prospective students. On the other hand, mitigating factors such as arguable reliance on Department guidance and on the reasonable advice of legal counsel, among other things, should also be taken into account. The size of the payments to persons or entities engaged in student recruiting and the pervasiveness of the improper practices across an institution's enrollments should also bear on the magnitude of the fine to be imposed. In the exercise of its discretion, FSA may deem factors not described herein to be relevant to the determination of the amount of a fine.

The direction provided by this memorandum should result in the imposition of appropriately measured sanctions for improper incentive payments by institutions. I am confident that FSA will exercise sound discretion in assessing sanctions for violations of the incentive compensation prohibition.

cc: Brian W. Jones
    General Counsel

    Sally L. Stroup
    Assistant Secretary, Office of Postsecondary Education