UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MANNING
MAGISTRATE JUDGE DENLOW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 256 |
| | ) | |
| vs. | ) | Violations: Title 47, United States Code, |
| | ) | Section 223(a)(1)(C); and |
| BENNIE WILCOX | ) | Title 18, United States Code, Section 875(c) |
| | ) | |

FILED
MAR 2 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At all times material to this indictment:

   a. Kaplan, Inc. was a company which provided educational services. Kaplan, Inc. operated businesses in the fields of primary education, standardized and admissions test preparation, higher education, and professional training. Kaplan University was a division of Kaplan, Inc. and was based in Ft. Lauderdale, Florida. Kaplan University was an online education provider, offering various college degree programs that could be completed over the Internet. Kaplan University had students and faculty throughout the United States.

   b. Kaplan, Inc. maintained a computer server in the state of Colorado. This computer server was utilized by students and faculty of Kaplan University to communicate via email and message board postings. The email and message board system operating from the computer server was not accessible by the general public. Rather, only authorized users who had previously been issued accounts and passwords by Kaplan, Inc. were permitted to access this email and message board system.

   c. On or about June 1, 2005, defendant BENNIE WILCOX was hired by Kaplan,

**EXHIBIT N**

Inc. to serve as the Dean of Law and Legal Studies for Kaplan University. Defendant's employment with Kaplan, Inc. ended on or about April 29, 2006.

2. On or about June 11, 2007, at Lisle, in the Northern District of Illinois, Eastern Division,

### BENNIE WILCOX,

defendant herein, in interstate communications, utilized a telecommunications device, to wit: a computer network card, without disclosing his identity and with intent to annoy, abuse, threaten, and harass any person who received the communication, by transmitting an electronic communication via a telecommunications device from Illinois to Colorado; more specifically, defendant accessed the Kaplan email system from a computer in Illinois through the unauthorized use of the screen name and password of another, and sent an email message to the students and faculty of Kaplan University that, in substance, falsely stated:

   a. That Kaplan University's computer system had been compromised;

   b. That students' personal information, including social security numbers, identification information, and home addresses, had been compromised, and that the personal information would be used to acquire credit and online gambling accounts in the students' names,

   c. That students' school records would be altered to reflect failing grades in all courses; and

   d. That the Kaplan University website would be taken offline permanently;

In violation of Title 47, United States Code, Section 223(a)(1)(C).

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of paragraph 1 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2. On or about June 29, 2007, at Lisle, in the Northern District of Illinois, Eastern Division,

### BENNIE WILCOX,

defendant herein, in interstate communications, utilized a telecommunications device, to wit: a computer network card, without disclosing his identity and with intent to annoy, abuse, threaten, and harass any person who received the communication, by transmitting an electronic communication via a telecommunications device from Illinois to Colorado; more specifically, defendant accessed the Kaplan message board system from a computer in Illinois through the unauthorized use of the screen name and password of another, and sent a message to the students and faculty of Kaplan University that, in substance, falsely stated:

    a. That Kaplan University's computer system had been compromised;

    b. That students' personal information, including social security numbers, identification information, and home addresses, had been compromised, and that the personal information would be used to acquire credit accounts in the students' names;

    c. That students' and faculty members' email accounts had been compromised;

    d. That the faculty members' phones calls were tapped; and

    e. That the Kaplan University computer system would be "take[n] down;"

In violation of Title 47, United States Code, Section 223(a)(1)(C).

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. The allegations of paragraph 1 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2. On or about June 11, 2007, at Lisle, in the Northern District of Illinois, Eastern Division,

### BENNIE WILCOX,

defendant herein, did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, namely, Individual A, by sending Individual A an email communication, threatening to injure Individual A, that email being transmitted through interstate commerce through an internet service provider;

In violation of Title 18, United States Code, Section 875(c).

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY charges:

1. The allegations of paragraph of Count One of this indictment are realleged and incorporated as though fully set forth here.

2. On or about June 11, 2007, at Lisle, in the Northern District of Illinois, Eastern Division,

### BENNIE WILCOX,

defendant herein, in interstate communications, utilized a telecommunications device, to wit: a computer network card, without disclosing his identity and with intent to annoy, abuse, threaten, and harass any person who received the communication, by transmitting an electronic communication via a telecommunications device in interstate commerce; more specifically, defendant accessed an email system from a computer in Illinois through the unauthorized use of the screen name and password of another, and sent an email message to Individual A, that contained harassing statements and threats to injure the person of Individual A;

In violation of Title 47, United States Code, Section 223(a)(1)(C).

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. The allegations of paragraph of Count One of this indictment are realleged and incorporated as though fully set forth here.

2. On or about June 11, 2007, at Lisle, in the Northern District of Illinois, Eastern Division,

### BENNIE WILCOX,

defendant herein, did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, namely, Individual B and Individual C, by sending an email communication, threatening to injure Individual B and Individual C, that email being transmitted through interstate commerce through an internet service provider;

In violation of Title 18, United States Code, Section 875(c).

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY charges:

1. The allegations of paragraph 1 of Count One of this indictment are realleged and incorporated as though fully set forth here.

2. On or about June 11, 2007, in the Northern District of Illinois, Eastern Division,

BENNIE WILCOX,

defendant herein, in interstate communications, utilized a telecommunications device, to wit: a computer network card, without disclosing his identity and with intent to annoy, abuse, threaten, and harass any person who received the communication, by transmitting an electronic communication via a telecommunications device in interstate commerce; more specifically, defendant accessed an email system from a computer in Illinois through the unauthorized use of the screen name and password of another, and sent an email message to Individual B and Individual C that contained harassing statements and threats to injure the persons of Individual B and Individual C;

In violation of Title 47, United States Code, Section 223(a)(1)(C).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY