```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
                                                        JAN 0 8 2004

UNITED STATES OF AMERICA       §
ex rel. JAMES F. BOWMAN,       §
                               §
              Plaintiff,       §
                               §
v.                             §      CIVIL ACTION NO. H-00-3028
                               §
EDUCATION AMERICA, INC.,       §
et al.,                        §
                               §
              Defendants.      §
```

## MEMORANDUM AND ORDER

Pending is Defendants Education America, Inc.'s, Jerald M. Barnett, Jr.'s, Pedro De Guzman's, Erin J. Hinkle's, Karon J. Rosa's, Bob Seeley's and Suzette Goodman's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (Document No. 26), which is directed to Plaintiff-Relator's First Amended Complaint. After having carefully considered the motion, response, reply, and the precedent established in this Court and others, the Court concludes that the motion should be granted.

Plaintiff-Relator James R. Bowman ("Bowman") brings this action against Defendants Education America, Inc., ("EAI"), and EAI's officers Jerald M. Barnett, Jr., Pedro De Guzman, Erin J. Hinkle, Karon J. Rosa, Bob Seeley, and Suzette Goodman (the "individually-named Defendants"), alleging violations of the False

1

EXHIBIT O

Claims Act, 31 U.S.C. § 3729 *et seq.* Specifically, Bowman contends that EAI, a corporation that operates twenty-one vocational schools throughout the country, participated in federal student financial aid programs under Title IV ("Title IV") of the Higher Education Act of 1965, ("HEA"), 20 U.S.C. § 1078, *et seq.* Under these programs, the United States Government insured educational loans and made direct educational grants to students enrolled at EAI. Title IV, part G, § 487(a)(20) of the HEA prohibits participating educational institutions such as EAI from making commission or incentive payments to admissions or recruitment personnel based on their success in securing enrollments or financial aid to students. Bowman alleges that EAI and the individually-named Defendants falsely promised in program participation agreements (PPAs) and in management compliance/attestation letters that EAI would comply with the incentive prohibition regulation, knowing that they would not, and falsely certified that EAI had complied with this regulation.

This theory of liability under the FCA, namely, that post-secondary and technical school systems receiving government-secured loans and grants for their students violate the FCA by misrepresenting compliance with the "incentive prohibition" of the HEA, has been rejected by this Court and others. United States District Judge Lee H. Rosenthal of this Court dismissed such claims by relator in <u>United States ex rel. Graves v. ITT Educational</u>

2

Services, holding (1) that the PPA does not certify compliance and ITT's management attestation letter did not certify compliance with a regulation that makes the certification a requirement of payment or retention of funds; and (2) that the relators failed to allege facts that would show that by entering into the PPAs, ITT fraudulently induced the government to permit it to receive student financial aid funds. 284 F. Supp.2d 487, 502-04 (S.D. Tex. 2003). For these and supporting reasons, Judge Rosenthal dismissed under Fed. R. Civ. P. 12(b)(6) the relators' False Claims Act claims of false certification, fraud in the inducement, "reverse false claim," and conspiracy against ITT and its chairman. Id. at 502-04, 508-10. Likewise, the court in United States ex rel. Gay v. Lincoln Tech. Inst., Inc., No. Civ.A. 301CV505K, 2003 WL 22474586 (N.D. Tex. Sept. 3, 2003), dismissed claims identical to those pled in Graves and in the case at bar, finding that (1) the PPAs were not conditions for payment by the Government and that Lincoln therefore did not make false certifications of compliance, either express or implied, as a condition of payment; and (2) that the relators failed to allege facts that would show that by entering into the PPAs, Lincoln fraudulently induced the government to permit it to receive student financial aid funds.

Because this case presents virtually identical claims arising under the same theory of liability that previously has been repeatedly rejected, the Court expressly adopts and follows the

3

rationale of Judge Rosenthal's well-reasoned and thorough opinion. Based upon this analysis, the Court finds that Bowman's allegations of violations of the False Claims Act against EAI and the individually-named Defendants fail to state a claim upon which relief can be granted.

Although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15, permitting Bowman leave to amend his complaint in this case, would be inappropriate due to futility. See Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000) (In the context of granting leave to amend a complaint, the Fifth Circuit defines futility "to mean that the amended complaint would fail to state a claim upon which relief could be granted."). See also Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985). In this case, only the names are different. The complaint in Graves (the "Graves complaint") is, in all material respects, identical to the pleading in this case.[1] The attorney who represented the relators in Graves is also the attorney for Bowman in this case.[2] Indeed, the First Amended Complaint in this case and the Graves

---

[1] The relators in Graves also sued ITT's outside compliance auditor, Pricewaterhouse Coopers LLP. No outside compliance auditor is named in this suit.

[2] He was also attorney for both relators whose case was dismissed for the same reasons by the United States District Court for the Northern District of Texas. United States ex rel. v. Lincoln Tech. Inst., Inc., No. Civ. A. 301CV505K, 2003 WL 22474586 (N.D. Tex. Sept. 3, 2003).

4

complaint are both printed in the same typeface and font. A careful comparison of the pleadings in the two cases reveals that 13 paragraphs in the instant Complaint are copied *verbatim* from the Graves complaint, and 26 paragraphs contain only non-material alterations (parties' names, dates, word order, synonyms, etc.) from the Graves complaint. In sum, 39 out of the 48 non-introductory paragraphs in Bowman's First Amended Complaint are either identical to or substantially similar to paragraphs contained in the Graves complaint.[3]

Before dismissing the relators' claims in Graves, relators had three chances to plead their claims sufficient to withstand Fed. R. Civ. P. 12(b)(6) and 9(b) scrutiny. The last attempt, styled "Plaintiff's Second Amended Complaint," was filed April 22, 2002, in response to Judge Rosenthal's Memorandum and Order entered

---

[3] The only "material" difference between the two complaints is the inclusion in the First Amended Complaint of a section entitled "Willful and Intentional Conduct." Document No. 19, at ¶¶ 55-58. In these four paragraphs, Bowman presumably attempts to establish that EAI and the individually-named Defendants "knowingly" violated the False Claims Act by alleging that "the concealment of the illegal compensation practices by the respective campuses was . . . conceived, designed and directed as a matter of corporate policy and practice by Defendants." Id. at ¶ 58. According to Bowman, it was Defendants' national business strategy to implement a rigorous recruitment quota system, substantially increase revenues, and then offer its stock to the public to the Defendants' benefit. Id. at ¶ 57.

Regardless of Defendants' mens rea, their alleged acts have been found by this Court not to violate the False Claims Act. Bowman's inclusion of these paragraphs in the First Amended Complaint therefore fails to distinguish it from the virtually identical action dismissed by Judge Rosenthal in Graves.

April 1, 2002. In the April 2002, Memorandum and Order, which totals 52 pages, Judge Rosenthal granted leave for the relators to amend their complaint to include the allegations necessary to satisfy Rules 12(b)(6) and 9(b), noting that "[a]lthough relators have amended their complaint once, the present record does not compel the conclusion that amendment would be futile." Graves, Civ. No. H-99-3889, Document No. 64, at 36, 38 (S.D. Tex. Apr. 1, 2002).

Bowman has had two chances to plead his claims in this case. He filed his First Amended Complaint in this case on August 12, 2002, some four months after Judge Rosenthal issued her April, 2002, Memorandum and Order. Bowman's counsel, who represented the comparable relator in Graves, was therefore fully informed by Judge Rosenthal's rulings regarding the insufficiency of his allegations to withstand dismissal both in that case and, because this is its cookie-cutter copy, in this case. Nonetheless, Bowman has not sought leave to amend this complaint after Graves was decided, nor has he attempted to distinguish this action from that case, nor has he made any suggestion as to how the fundamental deficiency in his theory or recovery could be remedied in this case by yet another pleading. Accordingly, because any further effort to amend would be futile, Bowman's action will be dismissed. Stripling, 234 F.3d at 873; Jamieson, 772 F.2d at 1208.

6

It is therefore ORDERED that Defendants Education America, Inc.'s, Jerald M. Barnett, Jr.'s, Pedro De Guzman's, Erin J. Hinkle's, Karon J. Rosa's, Bob Sealey's and Suzette Goodman's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) (Document No. 26) is GRANTED, and Plaintiff-Relator's claims are DISMISSED with prejudice.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7TH day of January, 2004.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE