IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* CARLOS URQUILLA-DIAZ *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> KAPLAN UNIVERSITY *et al.*, <br><br> Defendants. | Case No. 8:07cv669-T23TGW |

### DEFENDANTS' MOTION TO STRIKE
### WITH INCORPORATED MEMORANDUM OF LAW

Defendants Kaplan University and Kaplan Higher Education Corporation (together, "Kaplan" or "Defendants"), by and through undersigned counsel, hereby move this Court for an order striking portions of the Affidavits of Ben Wilcox, Carlos Urquilla-Diaz and Jeffrey Albinson, along with an "email" exhibit attached to the Wilcox Affidavit. The Affidavits and the exhibit are full of unsupported conclusory assertions, legal conclusions, inflammatory rhetoric, inadmissible hearsay, and statements that have nothing to do with this case.

### I. BACKGROUND

1. This is a *qui tam* action brought under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, purportedly on behalf of the United States, and concerning federal student aid funds received by Kaplan. After investigating Relators' allegation made by Relators Carlos Urquilla-Diaz ("Diaz"), Jude Gillespie ("Gillespie"), and Ben Wilcox ("Wilcox") (collectively, "Relators"), the United States declined to intervene.

{M2704663;1}

2. On May 1, 2008, Kaplan filed a Motion to Disqualify Relators' Counsel and Incorporated Memorandum of Law (the "Motion to Disqualify") [D.E. 20]. The Motion to Disqualify maintains that Relators' counsel, John W. Andrews, should be disqualified from representing Relators due to an irreconcilable conflict of interest. Mr. Andrews has sued one of his own clients, Relator Ben Wilcox, in another proceeding (pending in the Southern District of Florida, case no. 08-60368-CIV-Seitz/McAliley) based on the conduct giving rise to Relators' claims against Kaplan in this lawsuit.

3. On July 4, 2008, Relators' filed their Response to Kaplan's Motion to Disqualify Relators' Counsel and Incorporated Memorandum of Law (the "Response to the Motion to Disqualify") [D.E. 39]. In support of their Response to the Motion to Disqualify, Relators submitted Affidavits from three individuals: Wilcox [D.E. 39-2]; Diaz [D.E. 39-3]; and an attorney by the name of Jeffrey Albinson, Esq. [D.E. 39-4]. It appears that Relators are attempting to present Mr. Albinson as a testifying expert on the subject of legal ethics. Neither Wilcox, Diaz or Albinson has been deposed in this matter.

4. The Affidavit by Wilcox includes 41 separate paragraphs, only a handful of which are relevant to the Response to the Motion to Disqualify. Wilcox's testimony touches on a vast array of topics, from so-called "illegal acts" allegedly performed by Kaplan to his religious faith. The Affidavit is rife with conclusory statements not based on personal knowledge, legal conclusions, hearsay and irrelevant assertions. It also includes an "Exhibit" in the form of a partially redacted email purportedly sent by Wilcox and dated May 5, 2006. The email, which mentions purported "unionization attempts at Kaplan," is not relevant to

the issues in this lawsuit, not authenticated, constitutes hearsay, and appears to have been altered.

5. The Affidavit by Diaz, too, contains hearsay statements and speculative assertions that are not based on personal knowledge. Diaz, for example, states that "Kaplan is afraid of John[ Andrews's] expertise," and that a "clear injustice" would be inflicted were Mr. Andrews to be disqualified, because Kaplan will allegedly "continue to defraud the U.S. Government at a time when our economy is not doing well." Diaz Affid. ¶¶ 7 & 10.

6. The Affidavit by Albinson likewise contains statements that are not based on personal knowledge, like his assertion that "Mr. Andrews reasonably believes" that he is able to represent Diaz and Wilcox simultaneously.

7. On July 7, 2008, pursuant to a motion by Kaplan [D.E. 31], the Court issued an Order [D.E. 40] staying all discovery pending the disposition of the Motion to Disqualify and Kaplan's Motion to Dismiss Relators' First Amended Complaint [D.E. 21]. That means the only "testimony" or "evidence" the Court has before it are the aforementioned Affidavits and the unauthenticated email attached to the Affidavit of Wilcox.

## II. MEMORANDUM OF LAW

This Court should strike portions of the Affidavits of Wilcox, Diaz and Albinson, as well as the exhibit attached to the Wilcox Affidavit, because they either: (1) contain conclusory statements not based on personal knowledge; (2) contain bald legal conclusions by lay witnesses; (3) contain hearsay; (4) include inappropriate and irrelevant testimony; and/or (5) reference an unauthenticated hearsay document that may have been altered.

A.   **Affidavit of Ben Wilcox.**

The following statements contained in and attached to the Wilcox Affidavit [D.E. 39-2] should be stricken for several independently sufficient reasons:

• <u>Paragraphs 6, 14, 34 & 38.</u>  Each of these paragraphs contains conclusory statements that are **not based on Wilcox's personal knowledge**, in contravention of Federal Rule of Evidence 602.[1]  *See* Fed. R. Evid. 602 ("A witness may not testify to a matter of unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").  The statements should therefore be stricken.  *See, e.g., Huck v. Louisville Ladder, Inc.*, No. 8:07-cv-199-T-24MSS, 2008 WL 58972, at *1 (M.D. Fla. Jan. 3, 2008) (striking portion of affidavit not based on personal knowledge); *Catalano v. GWD Mgmt. Corp.*, No. CV 403-167, 2005 WL 5519861, at *15 (S.D. Ga. Mar. 30, 2005) (striking affidavit because it was "not based on personal knowledge as required by Rule 602 of the Federal Rules of Evidence"); *King v. Auto, Truck, Indus. Parts & Supply, Inc.*, 21 F. Supp. 2d 1370, 1376 (N.D. Fla. 1998) (striking portion of affidavit pursuant to FRE 602 for lack of personal knowledge); *see also Pace v. Capobianco,* 283 F.3d 1275, 1279 (11th Cir. 2002) ("[b]elief, no matter how sincere, is not equivalent to knowledge") (citation and internal marks omitted).

• <u>Paragraphs 4, 5, 9, 10, 11, 18, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37 & 38.</u>  Each of these paragraphs contains inappropriate **legal conclusions**.  By way of example, Paragraph

---

[1]   Paragraph 6 of the Wilcox Affidavit states that Diaz (not Wilcox) had made certain statements to Andy Rosen, Kaplan's CEO, without any indication that Wilcox was present when the statements were allegedly made. Paragraph 14 states that certain acts by Wilcox "most likely would have caused Diaz or anyone else a great deal of emotional distress." Paragraph 34 asserts, without foundation, that "[a]ny laywer who represented Diaz would have had access to the same information as the EEOC and defendant Kaplan had."  Finally, Paragraph 38 states that, "in [Wilcox's] opinion, <u>Mr. Andrews reasonably believes</u> that he is able to provide competent and diligent representation to Diaz and to myself, simultaneously." (emphasis added).

{M2704663;1}

4

9 pronounces that Kaplan has "violated federal law." Paragraphs 26 and 27 resemble excerpts from legal memoranda, replete with case citations. Paragraphs 29 and 31 opine that Kaplan is somehow "misusing" the Rules of Professional Conduct. Similarly, Paragraphs 35 and 36 employ legally defined terms like "informed consent."[2]

Though Wilcox states that he is a "licensed lawyer in Oklahoma," he is nonetheless a fact witness in this lawsuit. He cannot be qualified as an expert on legal ethics or any other topic unless Relators are willing to waive all applicable privileges. Further, since the legal conclusions in his Affidavit are supposedly based on "specialized knowledge" – namely, Wilcox's alleged knowledge about the law, including 31 U.S.C. § 3730(h) – they do not qualify as opinion testimony under Rule 701. The statements should therefore be stricken. *See Monday v. Group Ben. Plan for Employees of Martin Brower Co.*, No. 1:06-cv-1979-WSD, 2007 WL 4592097, at *4 (N.D. Ga. Dec. 28, 2007) (striking portion of affidavit that included "inappropriate legal conclusions"); *Clayton v. Hialeah Gardens Police Dep't*, No. 06-20261-CIV-MOORE, 2007 WL 809669, at *2 (S.D. Fla. Mar. 15, 2007) ("As far as the … Affidavit contains legal conclusions, those legal conclusions will be STRUCK.").

---

[2] Specifically, paragraph 4 states that certain "orders" allegedly received by Wilcox "may have been illegal"; paragraph 5 characterizes certain alleged acts by Kaplan as "illegal"; paragraph 9 references so-called "violations of federal law, illegal anti union activities, and theft … of fraudulently obtained federal student loans"; paragraph 10 talks about a purported "conspiracy to terminate [Diaz's] employment"; paragraph 11 likewise refers to a "conspiracy" as well as alleged efforts to "defraud the Federal Government"; paragraph 18 mentions alleged "fraudulent acts" and asserts that those acts have nothing to do with Diaz's termination; paragraphs 26 and 27 are essentially legal arguments replete with case citations; paragraph 28 contains the legal assertion "I deny that I am a Defendant in the Qui Tam action"; paragraph 29 states that Kaplan is somehow "misusing" the Rules of Professional Conduct; paragraphs 30 and 32 purport to quote certain ethical rules and contain an inappropriate legal conclusion; paragraph 33 uses the term "material or confidential information"; paragraphs 35 and 36 opines on the legal question of "informed consent"; paragraph 37 improperly and inaccurately announces that Kaplan decided to "violate the Higher Education Regulations"; and paragraph 38 states that Diaz allegedly has information "that clearly showed liability against Kaplan" and that any information that would have been legally beneficial to Diaz "was already public in the EEOC case" and already in Diaz's possession before Andrews was retained.

- <u>Paragraphs 3, 4, 7, 8, 9, 10, 11, 12, 13, 23, 24, 37 & 38.</u>  Statements in these paragraphs pertain to matters that are **not relevant to the Motion to Disqualify**.  For instance, Paragraphs 3 and 4 make allegations about two individuals – David Harpool and Andy Rosen – who are not even mentioned in the First Amended Complaint.  *See also* ¶ 37(a) (referring to "Sherry Pace").  Paragraphs 8, 9, 11 and 13 likewise reference purported facts that are not part of the record – and not even arguably relevant to the Motion to Disqualify – including statements about Wilcox's alleged "depression" (¶ 8), his religious faith (¶¶ 9 & 11), "e-mails" he allegedly sent to certain individuals (¶ 13), and so-called "anti union" activities that have no bearing on this lawsuit (¶ 9).

The motive for inserting these statements in Wilcox's Affidavit is obvious:  Relators want to unfairly supplement the record with testimony that, practically speaking, Kaplan cannot challenge at this stage.  They want to amend the Complaint through the back door, before the Court has an opportunity to rule on Kaplan's Motion to Disqualify and Motion to Dismiss.  Indeed, Relators' counsel <u>agreed</u> to postpone the taking of depositions pending the outcome of those motions (*see* Order, D.E. 40), and the Court has stayed all discovery.  In other words, Relators are attempting to introduce new "evidence" precisely when supplementation of the record is forbidden.

The brand new allegations by Wilcox are not only irrelevant to the Response to the Motion to Disqualify, they are unfairly prejudicial to Kaplan and procedurally improper.  They, too, should be stricken.  *See* Fed. R. Evid. 402; *Gutherman v. 7-Eleven, Inc.*, 278 F. Supp. 2d 1374, 1378 n.2 (S.D. Fla. 2003) (refusing to consider affidavit filed by plaintiffs at motion to dismiss stage).

- <u>Paragraphs 5, 6, 8, 9, 11, 12, 13, 18, 19 & 33.</u> Each of these paragraphs contains **inadmissible hearsay.** Paragraphs 6 and 13, for example, allege that Diaz "complained" to Andy Rosen, and that Wilcox sent emails to Diaz "admitting" certain allegedly illegal acts. Paragraph 18 goes into detail about a supposed discussion between Wilcox and attorney John Andrews. And paragraph 19 talks about alleged disclosures in certain unidentified "emails to Diaz."

These purported out-of-court statements are all classic hearsay, because they are offered to prove the truth of the matters asserted. *See* Fed. R. Evid. 801(c). As such, they should be stricken. *See Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1298 (M.D. Fla. 2002) (granting motion to strike portions of affidavits grounded in inadmissible hearsay); *see also Snethen v. Bd. of Pub. Educ.*, No. 406CV259, 2008 WL 766569, at *9 n.15 (S.D. Ga. Mar. 24, 2008) (granting motion to strike affidavit testimony as "conclusory, based on hearsay evidence not reducible to admissible evidence at trial, speculative, or otherwise incompetent on its face"); *Keith v. MGA, Inc.*, No. 1:04-CV-716-WKW, 2006 WL 987154, at *4 n.4 (M.D. Ala. Apr. 14, 2006) (granting motion to strike "to the extent that it seeks to strike the portions of [the] affidavit that constitute inadmissible hearsay").

- <u>Paragraphs 5 and the "email" exhibit.</u> Paragraph 5 of the Wilcox Affidavit references an "email" that was purportedly "sent to Andy Rosen on April 29, 2006" supposedly discussing Wilcox's "concern of [sic] the illegal acts that [he] had carried out according to [Andy Rosen's] instructions." The Court can choose from among a number of bases to strike this statement: it contains multiple levels of hearsay (in that it purports to recount statements made by Mr. Rosen); it contains legal conclusions ("illegal acts"); and it

references purported facts that are irrelevant and found nowhere in the First Amended Complaint.

Further, the "email" in question, which is attached to the Affidavit as an exhibit, has never been authenticated, includes alterations in the form of redactions (at the very least), and has absolutely nothing to do with this case. The "unionization attempts" referenced in the email are not even tangentially related to Relators' claims. Beyond that, the email constitutes hearsay. Consequently, both paragraph 5 and the exhibit should be stricken.

**B.     Affidavit of Carlos Urquilla-Diaz.**

The following statements contained in the Diaz Affidavit [D.E. 39-3] should be stricken for several independently sufficient reasons:

• <u>Paragraphs 6, 7, 8 & 9.</u> Each of these paragraphs contains conclusory statements not based on Diaz's personal knowledge. He says, for instance, that "Ben Wilcox has specific, honest and valuable information" (¶ 6), that "Kaplan is afraid of [attorney John Andrews's] expertise in the Quit [sic] Tam field" (¶ 7), and that "we" (meaning <u>all</u> of the Relators) "want to retain John Andrews" (¶ 9). Statements not based on Diaz's personal knowledge lack probative value and should be stricken. *See* Fed. R. Evid. 602; cases cited, *supra*.

• <u>Paragraphs 4, 6, 8, 10 & 11.</u> These paragraphs contain several legal conclusions disguised as facts, such as Diaz's statements about ethical rules (¶ 4); his assertion that "Kaplan committed fraud" (¶ 8); his statement that "U.S. Taxpayers would receive irreparable harm and a clear injustice would take place" (¶ 10); his statement that Kaplan will allegedly "defraud" the U.S. Government (*id.*); and his assertion that Ben Wilcox has no

"individual liability" under 31 U.S.C. § 3730 (¶ 11). Since Diaz is indisputably a lay witness, each of these statements must be stricken. *See* cases cited, *supra*.

• Paragraphs 3 & 4. Since each of these paragraphs contain inadmissible hearsay – i.e., "Ben Wilcox contacted me and informed me" (¶ 3), "Ben Wilcox confessed what he had done" (*id*.), and "Andrews explained to me the potential conflict of interest" (¶ 4) – the statements should be stricken. *See* cases cited, *supra*.

• Paragraphs 3, 8 & 10. Once again, Relators are attempting to use an affidavit to supplement the record with irrelevant and inflammatory rhetoric – specifically, Diaz's assertion (found nowhere in the Complaint) that "Ben Wilcox confessed what he had done to me to clear his conscious after some soul searching" (¶ 3); that "the U.S. taxpayers have a right to know how Kaplan committed fraud" (¶ 8); and his suggestion that Kaplan is somehow more culpable because the economy "is not doing well" (¶ 10). These statements are obviously inappropriate and cannot be considered.

C.   **Affidavit of Jeffrey Albinson.**

Mr. Albinson's statement that his Affidavit "is based upon my own personal knowledge" (Albinson Affid. ¶ 2) is demonstrably untrue. Several of his statements amount to rank speculation about someone else's state of mind, most notably his assertion that "Mr. Andrews reasonably believes that he is able to provide competent and diligent representation to both Mr. Diaz and Mr. Wilcox simultaneously." *Id.* ¶ 13(g). Likewise, Mr. Albinson surmises that "prior to the time the complaint was filed …, Mr. Wilcox had already provided information to Mr. Diaz[,]" and that such disclosure "occurred before Mr. Andrews was

contacted by either Mr. Diaz or Mr. Wilcox." *Id.* ¶ 13(l).  Mr. Albinson cannot offer this testimony because he has no firsthand knowledge of those alleged facts.

Nor can Mr. Albinson testify about what Diaz and Wilcox "appear" to know or understand about conflict issues. *See id.* ¶¶ 13(e)-(f). "An opinion as to the motive or intent of a person is inadmissible where the opinion is not based on perception. Testimony as to what an actor thought also has been rejected where there is no perceptual basis for that testimony." C.A. Wright et al., 27 FED. PRAC. & PROC. Evid.2d § 6026 (footnote omitted). Mr. Albinson has no perceptual basis to conclude that Diaz or Wilcox understood anything about Mr. Andrews's irreconcilable conflict of interest. Merely stating that they "appear" to have known or understood something, without any indicia of firsthand observation, does not salvage Mr. Albinson's incompetent testimony. *See, e.g., Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (opinions of affiants that defendant fired plaintiff because of his age were inadmissible "amateur psychoanalysis").

**WHEREFORE**, Defendants respectfully request that this Court issue an order striking portions of the Affidavits of Ben Wilcox, Carlos Urquilla-Diaz and Jeffrey Albinson, and striking the "email" exhibit attached to the Wilcox Affidavit.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that on July 14, 2008, counsel for Relators and counsel for Defendants conferred in a good faith effort to resolve the issues raised by this motion, and that Relators' counsel did not agree to the relief requested herein.

DATED: July 15, 2008.

Respectfully submitted,

By: /s/ Samuel Heywood

| | |
|---|---|
| Timothy J. Hatch<br>CA Bar No. 165369; *Pro Hac Vice* M.D. Fla.<br>THatch@gibsondunn.com<br>Nicola Hanna<br>CA Bar No. 130694; *Pro Hac Vice* M.D. Fla.<br>NHanna@gibsondunn.com<br><br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Phone: (213) 229-7000<br>Fax: (213) 229-7520<br><br>*Co-Counsel for Defendants* | Susan N. Eisenberg<br>FL Bar No. 600393<br>Susan.eisenberg@akerman.com<br>Samuel S. Heywood<br>FL Bar No. 0016604<br>Samuel.heywood@akerman.com<br><br>**AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 28th Floor<br>Miami, FL 33131-1714<br>Phone: (305) 374-5600<br>Fax: (305) 374-5095<br><br>*Co-Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of July, 2008, I electronically filed the foregoing, as well as the accompanying exhibits, with the Clerk of the Court via CM/ECF which will send notification of such filing to all parties registered with CM/ECF, including the following:

| | |
|---|---|
| J. Troy Andrews, Esq.<br>hangfire@ix.netcom.com<br>John W. Andrews, Esq.<br>jwa@ix.netcom.com<br>**ANDREWS LAW GROUP**<br>3220 Henderson Blvd.<br>Tampa, Florida  33609<br>Tel. (813) 877-1867<br>Fax (813) 872-9298<br><br>*Attorneys for Relators* | Susan N. Eisenberg, Esq.<br>susan.eisenberg@akerman.com<br>Samuel S. Heywood<br>samuel.heywood@akerman.com<br>**AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 25th Floor<br>Miami, FL  33131-1714<br>Telephone:   (305) 374-5600<br>Facsimile:    (305) 374-5095<br><br>*Attorneys for Defendants* |
| Charles T. Harden<br>charles.harden@usdoj.gov<br>**Assistant United States Attorney**<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida 33602<br>Tel:  (813) 274-6316<br>Fax:  (813) 274-6200<br><br>*Attorney for the United States* | |

By: /s/  Samuel Heywood