UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA ex
rel. CARLOS URQUILLA-DIAZ,
et al.,

        Plaintiffs,

v.                           Case No.  8:07-cv-669-T-33TGW

KAPLAN UNIVERSITY, et al.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Thomas G. Wilson's report and recommendation (Doc. # 110), entered on February 11, 2009, recommending that this case be transferred to the United States District Court for the Southern District of Florida. On March 4, 2009, relators Ben Wilcox and Carlos Urquilla-Diaz filed objections to the report and recommendation. (Doc. # 115.) No response to the objections has been filed, and the time for doing so has expired. For the reasons that follow, the report and recommendation of Judge Wilson is accepted and adopted and the filed objections are overruled.

**I.   Background**

Relators Carlos Urquilla-Diaz, Jude Gillespie, and Ben Wilcox (the "relators") filed this action on behalf of the

United States on April 18, 2007, under seal. (Doc. # 3.) In their amended complaint, the relators allege, inter alia, that Kaplan University and Kaplan Higher Education Corporation violated the False Claims Act, 31 U.S.C. § 3729, et seq. (Doc. # 4.) On July 11, 2008, this Court issued an order directing the parties to show cause why this action should not be transferred to the Southern District of Florida given that "the only connection between this lawsuit and the Middle District of Florida appear[ed] to be the location of the relators' counsel." (Doc. # 43 at 1.)

The United States as well as defendants Kaplan University and Kaplan Higher Education Corporation took no position on the issue of transfer. (Doc. ## 46, 51.) The relators, however, argued against transfer. (Doc. # 54.) The relators asserted that, "If this case [were] transferred to the Southern District, it [would] cause both a financial and physical burden on the Relators and their counsel due to: the required travel, lack of staff, lack of office in the Southern District, mailing constraints, time spent on travel and logistics rather than case issues." (Id. at 4.) In addition, the relators focused on the fact that seven to ten of Kaplan's current and former employees lived and worked from homes in the Middle District and that Kaplan maintained a center here

in the Middle District. (<u>Id.</u> at 2.)

This Court referred the issue to Judge Wilson on September 9, 2008. (Doc. # 65.) Judge Wilson, after holding a hearing on February 3, 2009 (Doc. # 108), filed his report and recommendation on February 11, 2009. Relators Wilcox and Diaz then filed objections on March 4, 2009, to the report and recommendation. (Doc. # 115.)

## II.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings <u>de novo</u>. <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, a district judge must make a <u>de novo</u> determination of those portions of the report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). District judges must "give fresh consideration to those issues to which specific objections have been made by a party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (internal citations

3

omitted).   The district judge reviews legal conclusions <u>de
novo</u>, even in the absence of an objection.   <u>See Cooper-Houston
v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro
Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla.
1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

## III. Analysis

Under 28 U.S.C. § 1404(a), "[f]or the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought."   The Eleventh
Circuit has outlined the following factors for determining
whether to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the
> location of relevant documents and the relative
> ease of access to sources of proof; (3) the
> convenience of the parties; (4) the locus of
> operative facts; (5) the availability of process to
> compel the attendance of unwilling witnesses; (6)
> the relative means of the parties; (7) a forum's
> familiarity with the governing law; (8) the weight
> accorded a plaintiff's choice of forum; and (9)
> trial efficiency and the interests of justice,
> based on the totality of the circumstances.

<u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir.
2005).

Judge Wilson concluded that "the factors of convenience
of the witnesses, the location of documents and sources of
proof, and the locus of operative facts point[ed] strongly in

favor of a transfer." (Doc. # 110 at 7.) Although Judge Wilson recognized that ordinarily significant weight is given to the plaintiff's choice of forum, Judge Wilson concluded that this factor's weight was diminished by the fact that none of the relators reside in the Middle District. (<u>Id.</u> at 8.)

In their objections, Wilcox and Diaz agree that the convenience of the witnesses, the location of relevant documents, and the relative ease of access to sources of proof all weigh in favor of transfer. (Doc. # 115 at 5.) They contend, however, that these factors are outweighed by the weight accorded to their choice of forum, the public inefficiency of transferring this case to the "extremely busy" Southern District, and the fact that Kaplan's financial resources far outweigh that of the relators. (<u>Id.</u>)

However, the relators' choice of forum is not entitled to great deference because the relators do not reside in the Middle District. "Courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which [the plaintiff] resides." <u>Lasalle Bank, N.A. v. Mobile Hotel Prop., LLC</u>, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003); <u>see also</u>, <u>Hutchens v. Bill Heard Chevrolet Co.</u>, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996) ("Under normal circumstances, federal courts will accord great deference to the plaintiff's

5

choice of forum if the forum is in the district in which he or she resides."). Here, Gillespie resides in the Southern District while Diaz and Wilcox are both out-of-state residents. (Doc. # 4 at 3.)

The fact that the Southern District may be an "extremely busy" district and that Kaplan's financial resources outweigh the relators' financial resources are factors due minimal weight. All courts are busy; and as Judge Wilson correctly explained, Kaplan's greater financial resources are immaterial. (Doc. # 110 at 6.) "[T]here is no assertion that the relators, who are seeking an award of reasonable attorneys' fees and expenses, would themselves incur additional costs if their lawyers are required to travel to the Southern District." (Id.) (citations omitted).

On the other hand, there are numerous factors that weigh in favor of transferring this case to the Southern District. "One of the most important factors for consideration is the convenience of the witnesses." Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co., 519 F. Supp. 2d 1195, 1204 (M.D. Fla. 2007) (quoting Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002)); see also, Laffal v. Overseas Adventure Travel Partners, Inc., No. 3:99-CV-1113-J-21A, 2000 WL 362017, *2 (M.D. Fla. Mar. 31,

2000) ("One of the most important factors for consideration is the convenience of the witnesses."). Here, there are no witnesses in this district, but there are witnesses in the Southern District. (Doc. # 110 at 4.) Thus, as Judge Wilson correctly explained, a trial in this district would be inconvenient for all witnesses. (<u>Id.</u>)

In addition, the location of documents and sources of proof as well as the location where the events occurred strongly weigh in favor of transfer. It is undisputed that there are no relevant documents or sources of proof in this district, while there are some in the Southern District. Further, the Southern District is where the majority of the events alleged in the complaint occurred. As Judge Wilson correctly pointed out, there is a pending case in the Southern District with factual allegations similar to the allegations in this case. <u>Diaz v. Kaplan Univ</u>, 567 F. Supp. 2d 1394, 1404 (S.D. Fla. 2008) (explaining that this action "involves factual allegations similar to the [Southern District case]-namely grade inflation and pressure to admit unqualified students").

The convenience of the witnesses as well the location of the documents, sources of proof, and operative facts are considerations that clearly outweigh the relators' nominal

interest in choosing a forum where they do not reside. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). The Court therefore adopts the report and recommendation of Judge Wilson that this case be transferred and overrules the relators' filed objections.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   United States Magistrate Judge Thomas G. Wilson's report and recommendation (Doc. # 110) is **ACCEPTED** and **ADOPTED.**

(2)   Relators Ben Wilcox and Carlos Urquilla-Diaz's objections (Doc. # 115) are **OVERRULED.**

(3)   This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of March 2009.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

8

All Counsel of Record