UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20756-CIV-SEITZ

UNITED STATES OF AMERICA, *ex rel.*
CARLOS URQUILLA-DIAZ *et al.*,

       Plaintiffs,

  v.

KAPLAN UNIVERSITY *et al.*,

       Defendants.

_____/

**DEFENDANTS KAPLAN, INC., KAPLAN UNIVERSITY, AND KAPLAN HIGHER EDUCATION CORPORATION'S RESPONSE TO RELATOR JUDE GILLESPIE'S <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

      Defendants Kaplan, Inc., Kaplan University, and Kaplan Higher Education Corporation (collectively, "Kaplan") submit this Response to the Notice of Supplemental Authority filed by relator Jude Gillespie ("Gillespie") on February 12, 2010 purportedly in support of relators' opposition to Kaplan's pending Motion to Dismiss relators' Second Amended Complaint. (Dkt. No. 194).

      The case proffered by Gillespie through the Notice, *United States ex rel. Parato v. Unadilla Health Care Center, Inc.*, 2010 WL 146877 (M.D. Ga. 2010), does not even discuss the first two reasons why Kaplan contends that Gillespie's case – as well as the case of the other two relators in this action (Carlos Urquilla-Diaz and Ben Wilcox) – should be dismissed. For one, it does not address the False Claims Act's "first-to-file" bar, which jurisdictionally prohibits relators' case from proceeding due to the fact that it is "related" to an earlier-filed case pending against Kaplan. 31 U.S.C. § 3730(b)(5). *See also* Mtn. to Dismiss (Dkt. No. 171) at 5-8. For another, it does not address Kaplan's alternative argument that relators' case should be dismissed because relators simply have not – and cannot – adequately allege that Kaplan committed an underlying violation of the law in support of their False Claims Act ("FCA") claims. *See* Mtn. to Dismiss (Dkt. No. 171) at 8-13.

{M2906322;1}

Rather, *Parato* at most is only arguably relevant to Kaplan's third argument – *i.e.*, that relators' general theory of liability based upon the premise that a mere breach of a term in a Title IV Program Participation Agreement can provide the basis for an FCA case fails as a matter of law.  *See* Mtn. to Dismiss (Dkt. No. 171) at 13-19.  **However, even with respect to this argument, a fair reading of Parato does not help relators.**

In *Parato*, the court found that the defendant's knowing breach of regulations / promises contained in a grant agreement relating to the "use of the money" under a Section 330 medical funding grant could provide the basis for an FCA case.  2010 WL 146877 at *5-7.  Looking at the specific grant program before it, the court found that any conditions on participation in that particular program were also conditions on payment under the program, and thus any violation of those conditions might provide the basis for an FCA case based upon the false payment of government funds.  2010 WL 146877 at *7 ("***in the Section 330 grant program***, [the] argument [that conditions on participation are different than conditions on payment] collapses") (emphasis added).  *See also id.* at *7 (rejecting comparison of *United States ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211 (2008), because that case involved "Medicare rules and requirements," not "the Section 330 grant at issue").

However, the Higher Education Act ("HEA") provisions presented in this case are much different than the Section 330 grant program provisions, and Kaplan has specifically demonstrated that there is nothing in the HEA regulations/provisions at issue here that somehow turn them into "conditions on payment."  *See* Mtn. to Dismiss (Dkt. No. 171) at 15-19.  The relevant HEA provisions have nothing to do with the "use of the money" relating to Title IV financial aid – which is the money that relators try to put at issue.  *Id.*  Rather, at most, these provisions are conditions on participation in Title IV programs, which many courts have recognized are distinct and different from conditions on payment leading to potential liability under the FCA.  *See, e.g.*, *United States ex rel. Graves v. ITT Educ. Servs., Inc.*, 284 F. Supp. 2d 487, 500-02 (S.D. Tex. 2003), *aff'd*, 2004 U.S. App. LEXIS 21799 (5th Cir. 2004).  *See also, e.g.*, *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 382 (5th Cir. 2003); *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 700 (2d Cir. 2001); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786 n.8 & 793 (4th Cir. 1999).

As these courts have found, to be actionable under the FCA, something must be a condition of payment, not merely a condition on participation in a government program.  And, as

courts in the Fifth Circuit have found in an almost identical context, the laws and regulations that relators claim Kaplan violated relate *only* to the latter and are not actionable.  *See United States ex rel. Graves v. ITT Educ. Servs., Inc.*, 284 F. Supp. 2d 487, 500-02 (S.D. Tex. 2003), *aff'd*, 2004 U.S. App. LEXIS 21799 (5th Cir. 2004); *United States ex rel. Gay v. Lincoln Tech. Inst.,* 2003 U.S. Dist. LEXIS 25968, at *11 (N.D. Tex. Sept. 3, 2003), *aff'd*, 2004 U.S. App. LEXIS 21489 (5th Cir. 2004); *United States ex rel. Bowman v. Educ. America, Inc.*, No. H-00-3028 (S.D. Tex. Jan. 8, 2004), *aff'd*, 2004 U.S. App. LEXIS 24673 (5th Cir. 2004).[1]

For these reasons, Kaplan respectfully contends that its Motion to Dismiss be granted, for any one of the three independent reasons outlined therein.

---

[1] Although *Parato* cites the Ninth Circuit's decision in *Hendow*, there is nothing to indicate that *Parato* adopted the Ninth Circuit's view over the Fifth Circuit's view with regard to the issue raised by Kaplan's Motion.  *See* 2010 WL 146877 at *6.  Further, *Parato* itself demonstrates the very real dangers that Kaplan outlined in its Motion.  *See* Mtn. to Dismiss (Dkt. No. 171) at 18-19.  In *Parato*, the "conditions on participation" included, among other things, the promise to comply "with all applicable requirements of all other federal laws, executive orders, regulations and policies governing the program."  2010 WL 146877 at *6.  Under relators' theory, any violation of any of these laws would be actionable in a case of "fraud" under the FCA, no matter how far removed from the government's payment decision.  This is simply inconsistent with Eleventh Circuit authority.  *United States ex rel. Clausen v. Lab. Corp.*, 290 F.3d 1301, 1311 (11th Cir. 2002) (the FCA "does not create liability merely for a . . . disregard of Government regulations or improper internal policies unless, as a result of such acts, the [defendant] knowingly asks the Government to pay amounts its does not owe").

| | |
|---|---|
| DATED:  February 22, 2010. | Respectfully submitted, |
| | By: /s/  Susan N. Eisenberg |
| Timothy J. Hatch<br>CA Bar No. 165369; *Pro Hac Vice* S.D. Fla.<br>THatch@gibsondunn.com<br>Nicola Hanna<br>CA Bar No. 130694; *Pro Hac Vice* S.D. Fla.<br>NHanna@gibsondunn.com<br>James L. Zelenay, Jr.<br>CA Bar No. 237339; *Pro Hac Vice* S.D. Fla.<br>jzelenay@gibsondunn.com | Susan N. Eisenberg<br>FL Bar No. 600393<br>Susan.eisenberg@akerman.com<br>Samuel S. Heywood<br>FL Bar No. 0016604<br>Samuel.heywood@akerman.com |
| **GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Phone:  (213) 229-7000<br>Fax:  (213) 229-7520 | **AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 28th Floor<br>Miami, FL  33131-1714<br>Phone:  (305) 374-5600<br>Fax:  (305) 374-5095 |
| *Co-Counsel for Defendants* | *Co-Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF this 22nd day of February, 2010.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of U.S. Mail and/or Notice of Electronic Filing generated by CM/ECF.

                                                   /s/ Samuel S. Heywood
                                                   Samuel S. Heywood, Esq.

**SERVICE LIST**
*United States ex rel. Diaz v. Kaplan University et al.*
*Case No. 09-20756 -Civ (Seitz)*
*United States District Court, Southern District of Florida*

Carlos Javier Raurell, Esquire
Email: carlos.raurell@usdoj.gov
United States Attorney's Office
99 NE 4 Street
Miami, Florida 33132
Telephone:    (305) 961-9243
Facsimile:    (305) 530-7139
Attorney for United States of America

Charles T. Harden, III
Email: charles.harden@usdoj.gov
United States Attorney's Office –FLM
400 N. Tampa Street
Suite 3200
Tampa, Florida 33602
Telephone:    (813) 274-6000
Facsimile:    (813) 274-6198
Attorney for United States of America
*Served via EM/ECF*

G .Ware Cornell, Jr., Esq.
Email: warecornell@gmail.com
Cornell & Associates
1792 Bell Tower Lane
Weston, FL 33326
Telephone:    (954) 524-2703
Facsimile:    (954) 524-2706
Attorney for Plaintiffs
Carlos Urquilla-Diaz and Ben Wilcox
*Served via EM/ECF*

John Troy Andrews, Esq.
Email: andrewslawgroup@ix.netcom.com
Andrews Law Group
3220 Henderson Boulevard
Tampa, FL 33609
Telephone:    (813) 877-1867
Facsimile:    (813) 872-8298
Attorney for Plaintiffs
Carlos Urquilla-Diaz and Jude Gillespie
*Served via U.S. Mail*

John W. Andrews, Esq.
Email: andrewslawgroup@ix.netcom.com
Andrews Law Group
3220 Henderson Boulevard
Tampa, FL 33609
Telephone:    (813) 877-1867
Facsimile:    (813) 872-8298
Attorney for Plaintiff
Carlos Urquilla-Diaz
*Served via EM/ECF*

Beth Tyler Vogelsang, Esq.
Email: beth@abbrclaw.com
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 NE 2nd Avenue
Suite 201
Miami, FL 33137
Telephone:    (305) 571-8550
Facsimile:    (305) 571-8558
Attorney for Plaintiff
Jude Gillespie
*Served via EM/ECF*

Jeremy William Alters, Esq.
Email: jeremy@abbrclaw.com
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 Northeast 2nd Ave., Suite 201
Miami, FL 33137
Telephone:    (305) 571-8550
Facsimile:    (305) 571-8558
Attorney for Plaintiff
Jude Gillespie
*Served via EM/ECF*

Kimberly Lynn Boldt
Email: kimberly@abbrclaw.com
Alters, Boldt, Brown, Rash & Culmo, P.A.
4141 Northeast 2nd Ave., Suite 201
Miami, FL 33137
Telephone: (305) 571-8550
Facsimile: (305) 571-8558
Attorney for Plaintiff
Jude Gillespie
*Served via EM/ECF*

James L. Zelenay, Jr., Esq.
Email: jzelenay@gibsondunn.com
Gibson Dunn & Crutcher
333 S Grand Avenue, Suite 4600
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Attorney for Defendants Kaplan University a/k/a Kaplan College a/k/a Iowa College Acquisition Corp., Kaplan Higher Education Corporation A division of Kaplan, Inc.; wholly Owned subsidiary of The Washington Post Company, Kaplan Career Institute and ICM Campus
*Served via EM/ECF*

Nicola T. Hanna, Esq.
Email: nhanna@gibsondunn.com
Gibson Dunn & Crutcher
333 S Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Attorney for Defendant
Kaplan University a/k/a Kaplan College a/k/a Iowa College Acquisition Corporation, Kaplan Higher Education Corporation A division of Kaplan, Inc.; wholly Owned subsidiary of The Washington Post Company, Kaplan Career Institute and ICM Campus
*Served via EM/ECF*

Samuel Swain Heywood, Esq.
Email: Samuel.Heywood@akerman.com
Akerman Senterfitt
SunTrust International Center
One SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Attorney for Defendant
Kaplan University, a/k/a Kaplan College a/k/a Iowa College Acquisition Corporation, Kaplan Higher Education Corporation A division of Kaplan, Inc.; wholly Owned subsidiary of The Washington Post Company, Kaplan Career Institute and ICM Campus
*Served via EM/ECF*

Susan Nadler Eisenberg, Esq.
Email: Susan.Eisenberg@akerman.com
Akerman Senterfitt
SunTrust International Center
One SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Attorney for Defendant
Kaplan University a/k/a Kaplan College a/k/a Iowa College Acquisition Corporation, Kaplan Higher Education Corporation A division of Kaplan, Inc.; wholly Owned subsidiary of The Washington Post Company, Kaplan Career Institute and ICM Campus
*Served via EM/ECF*

Mia Rene Martin, Esq.
Email: Mia.Martin@akerman.com
Akerman Senterfitt
SunTrust International Center
One SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
Telephone:     (305) 374-5600
Facsimile:     (305) 374-5095
Attorney for Defendant
Kaplan University a/k/a Kaplan College
a/k/a Iowa College Acquisition
Corporation, Kaplan Higher Education
Corporation A division of Kaplan, Inc.;
wholly Owned subsidiary of The
Washington Post Company, Kaplan Career
Institute and ICM Campus
*Served via EM/ECF*

Timothy J. Hatch, Esq.
Email: thatch@gibsondunn.com
Gibson Dunn & Crutcher
333 S Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197
Telephone:     (213) 229-7000
Facsimile:     (213) 229-7520
Attorney for Defendant
Kaplan University
a/k/a Kaplan College
a/k/a  Iowa College Acquisition Corp.,
Kaplan Higher Education Corporation A
division of Kaplan, Inc.; wholly Owned
subsidiary of The Washington Post
Company, Kaplan Career Institute and ICM
Campus
*Served via EM/ECF*