UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20756-CIV-SEITZ/SIMONTON

UNITED STATES OF AMERICA,
*ex rel.* CARLOS URQUILLA DIAZ, *et al.,*

        Plaintiffs,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Relators Wilcox and Diaz's Motion for Reconsideration Under Rule 59(e) to Alter or Amend Judgment [DE-265]. Relators Wilcox and Diaz (Relators) seek reconsideration of the Court's August 17, 2011 Order Granting in Part and Denying in Part Motion to Dismiss [DE-262], in which the Court dismissed Relators' qui tam claims for failure to adequately plead under Federal Rules of Civil Procedure 12(b)(6) and 9(b). In that Order, the Court dismissed Relators' False Claims actions based on Defendants' alleged violations of the Department of Education's incentive compensation ban. Relators seek reconsideration of the dismissal of the claims based on the incentive compensation ban. Because Relators fail to meet the requirements of a motion for reconsideration, their motion is denied.

Relators move for reconsideration under Federal Rule of Civil Procedure 59(e). However, no final judgment has been entered in this case. Therefore, the Court will treat the motion as one made under Federal Rule of Civil Procedure 60(b). Rule 60(b) enumerates six grounds for reconsideration:

    (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court assumes that Relators have moved pursuant to subsection 6.

Relators assert that the Court erred in dismissing their incentive compensation claims because of a recent case from the Ninth Circuit, *U.S. ex rel. Lee v. Corinthian College*, 655 F.3d 984 (9th Cir. 2011). First, the Court notes that decisions of the Ninth Circuit are not binding on this Court. Second, the decision in *Lee* actually supports this Court's earlier decision. In *Lee,* the Ninth Circuit reversed a dismissal of a False Claims action based on the incentive compensation ban because the district court had failed to grant leave to amend. Relators assert that the allegations in *Lee* and the allegations in the instant matter are nearly identical and thus they have adequately pled their claim. The *Lee* Court, however, found that the relators had *failed* to adequately plead their claims based on a violation of the incentive compensation ban. Thus, *Lee* does not support Relators' argument that they have met the pleading requirements of Rule 9(b).

Finally, Relators alternatively seek leave to replead their claims. However, Relators have already repled their claims twice. Furthermore, Relators have failed to offer any facts that would cure the deficiencies in their first three complaints. *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 (11th Cir. 2006) (stating that a movant seeking to amend a complaint "must either attach

2

a copy of the proposed amendment to the motion or set forth the substance thereof"). Consequently, leave to replead is not warranted.

Accordingly, it is

ORDERED that Relators Wilcox and Diaz's Motion for Reconsideration Under Rule 59(e) to Alter or Amend Judgment [DE-265] is DENIED.

DONE and ORDERED in Miami, Florida, this 21st day of November, 2011.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record