UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20756-CIV-SEITZ/SIMONTON

UNITED STATES OF AMERICA,
*ex rel.* JUDE GILLESPIE,

        Plaintiff,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND

THIS MATTER is before the Court on Relator's Motion for Leave to Amend and File His Third Amended Complaint [DE-301]. Relator seeks to amend the complaint to remove allegations of other relators that have been dismissed and severed by prior Court order and to clarify the time frame of the alleged fraud. Defendants oppose the motion because it attempts to clarify or, as Defendants allege, change the time frame of the alleged fraudulent activity. However, Defendants do not appear to raise any opposition to Relator filing an amended complaint to remove allegations that have been dismissed or severed. Because leave to amend should be freely given the Motion is granted in part. It is granted as to all of the proposed amendments except those that allege continued non-compliance with the Rehabilitation Act.

**I. Background Facts**

Relator Jude Gillespie (Gillespie), a former employee of Defendant Kaplan University, along with two other former employees, filed their first complaint under seal on March 7, 2008 alleging claims under the False Claims Act (FCA). Subsequently, two amended complaints were filed. The Second Amended Complaint [DE-170], was filed under seal on June 24, 2009 and

unsealed, by Court order, on July 15, 2009. Ultimately, the Court dismissed one of Gillespie's claims, dismissed the FCA claims brought by the other employees, and severed another claim, leaving only Gillespie's FCA claims pending in this case. Gillespie now seeks to amend his current FCA claims.

Defendants Kaplan University (KU) and Kaplan Higher Education Corp. (KHEC) are accredited by the Higher Learning Commission and are recipients of federal student financial aid funds from the U.S. Department of Education, pursuant to the HEA. KU operates numerous online educational enterprises throughout the United States. KU is a wholly owned subsidiary of KHEC.[1] KHEC is a division of Defendant Kaplan, Inc. (Kaplan). Gillespie worked for Defendants[2] from April 2004 through April 2005 as a Course Developer, Department Chairman, and Associate Professor of Paralegal Studies.

The Second Amended Complaint alleges a violation of the Program Participation Agreement (PPA). In order to obtain federal student financial aid through Title IV of the HEA, an educational institution must certify to the United States government (Government) that it will comply with statutory and regulatory prerequisites established by the HEA and the Department of Education (DOE). Certification is done through the execution of a PPA.

Gillespie's claims allege a violation of the PPA based on Defendants' alleged failure to

---

[1] The Second Amended Complaint, in the same paragraph, alleges that KU is a wholly owned subsidiary of The Washington Post Company and that KU is a wholly owned subsidiary of KHEC.

[2] The Second Amended Complaint does not indicate for whom Gillespie worked. However, the proposed Third Amended Complaint alleges that Gillespie was employed by KU.

comply with § 504 of the Rehabilitation Act.[3] The PPA references that the educational institution will comply with § 504 of the Rehabilitation Act. On April 14, 2005, Gillespie filed a complaint with the DOE's Office of Civil Rights (OCR) because KU failed to accommodate Gillespie's bipolar disorder. The OCR investigated the claim, which it denied, but in October 2005, the OCR found that KU was in violation of § 504 of the Rehabilitation Act and its implementing regulations.[4] As a result of the findings, OCR and KU entered into a Resolution

---

[3]Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, reads in pertinent part:

(a) Promulgation of rules and regulations
No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.
* * *
(b) "Program or activity" defined
For the purposes of this section, the term "program or activity" means all of the operations of–
* * *
(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship--
(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or
(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation;

[4]The OCR set out its findings in an October 27, 2005 document which stated that KU was in violation of § 504 for the following reasons: (1) the university does not have published procedures detailing how a disabled employee can request accommodations; (2) the university needed to provide policies and procedures that address discrimination separately from harassment; (3) the complaint procedure should be amended to provide the detailed process by which employees could seek informal and formal resolution of their concerns; (4) the university should designate consistently to whom informal and formal complaints may be addressed; (5) the policies and procedures should be amended to provide a definitive manner and time in which

Agreement, which was fully executed on October 27, 2005. Based on the OCR's findings, Gillespie alleges that Defendants falsely certified to the Government that they were in compliance with the necessary prerequisites to obtaining federal funding, specifically § 504 of the Rehabilitation Act. Gillespie also alleges that, even after entering into the Resolution Agreement, Defendants continued to be in non-compliance with the Rehabilitation Act and with the Resolution Agreement. However, by prior order, the Court limited Gillespie's claims to the time frame covering only up until the OCR found Defendants in compliance with the Rehabilitation Act.[5]

## II. The Motion for Leave to Amend is Granted in Part

According to Gillespie and based on a review of the proposed Third Amended Complaint, the Motion for Leave to Amend seeks to make the following amendments:

    1. All paragraphs related to the allegations and claims of Relators Diaz and Wilcox, as well as Diaz's retaliation would be removed from the complaint;

    2. All paragraphs relating to Relator Gillespie's claims and allegations of grade inflation by Defendants would be removed;

    3. Relators Diaz and Wilcox would be removed from the style of the case;

    4. It would be clarified as to which of the Defendants employed Gillespie and what Defendant Kaplan, Inc. is and does;

    5. Existing factual paragraphs would be clarified and additional factual paragraphs would be added to support Gillespie's claims that he advised all of the Defendants and the Department

---

investigations are to be completed; (6) the complaint procedures should be amended to require the university to notify complainants in writing of the results of investigations; and (7) the policies should set out to where one could appeal an investigation's findings.

[5]It is not clear from the Second Amended Complaint when the OCR found Defendants in compliance. However, it would appear from documents filed with the Court that the OCR made its finding of compliance no later than May 24, 2007.

of Education that all Defendants had to be in compliance with § 504 of the Rehabilitation Act; and

      6. Existing factual paragraphs would be clarified and additional factual paragraphs would be added to support Gillespie's claim that Defendants continued to be in non-compliance with § 504 after May 2007.

Defendants appear to oppose the Motion for Leave to Amend based solely on the last of the proposed amendments. Because Federal Rule of Civil Procedure 15(a)(2) states that the "court should freely give leave [to amend] when justice so requires" and Defendants have not opposed these amendments, Gillespie's Motion is granted as to amendments 1-5, above.

      Defendants do oppose any amendment to the complaint that would effect the alleged time frame of the fraudulent activity. Defendants oppose the amendment on two grounds: (1) it is an improper attempt to seek reconsideration of a prior Court order and (2) amendment would be futile. Regardless of whether Gillespie is attempting to circumvent the rules regarding reconsideration, the Court must deny the motion as to the amendments regarding the time frame of the allegedly fraudulent activity because amendment would be futile.

      Review of the proposed Third Amended Complaint shows that the only violations of the Rehabilitation Act that Gillespie has pled with particularity[6] are the violations set out by the OCR after their 2005 investigation into Gillespie's complaint and a violation that Gillespie learned of through a Freedom of Information Act (FOIA) request. The OCR later determined that KU had remedied those violations found in the 2005 investigation. As a result, the Court previously held that Gillespie's FCA claims end at the point when the OCR found that KU was no longer in

---

      [6]As this Court has previously noted, the Eleventh Circuit requires that claims made under the FCA must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *See* DE-262 at n.11 (quoting *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006)).

violation of § 504 of the Rehabilitation Act. If KU was no longer in violation of the Rehabilitation Act, then it was no longer submitting fraudulent claims. Further, Gillespie is not the original source[7] of the information he obtained through FOIA. The FCA bars claims not brought by someone who is not an original source. *See* 31 U.S.C. § 3730(e)(4)(B) (2009). Because Gillespie has not alleged in his proposed Third Amended Complaint any specific allegations of non-compliance with the Rehabilitation Act outside of the paticulars set out in the OCR findings and the information received from the FOIA request, his proposed amendment is futile.

While Gillespie argues that all of the Defendants continued to be noncompliant with the Rehabilitation Act, Gillespie has offered no specific allegations to support that statement. Such general allegations of continued non-compliance are insufficient to meet the pleading requirements of Rule 9(b). Gillespie also argues that the OCR only determined that KU was no longer noncompliant with the Rehabilitation Act and, thus, there is no evidence that the other Defendants cured their violations. However, Gillespie has not pled with particularity any violations specific to either Kaplan, Inc. or KHEC. The only violations pled with specificity are the violations of KU set out in the OCR letter. Thus, Gillespie has not pled any additional or continuing violations by these two Defendants. Consequently, Gillespie's proposed amendment regarding continuing non-compliance with the Rehabilitation Act is futile.

Accordingly, it is

---

[7]The version of the FCA effective when this action was filed defined an "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B) (2009).

ORDERED that Relator's Motion for Leave to Amend and File His Third Amended Complaint [DE-301] is GRANTED in part. Relator shall file a Third Amended Complaint, in accordance with this order and not under seal, as a separate docket entry by **June 1, 2012.**

DONE and ORDERED in Miami, Florida, this 21st day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record