UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20756-CIV-SEITZ/SIMONTON

UNITED STATES OF AMERICA,
*ex rel.* JUDE GILLESPIE,

        Plaintiff,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR CLARIFICATION

THIS QUI TAM action[1] is before the Court on two motions. First is Relator Jude Gillespie's Motion for Reconsideration and/or Clarification [DE-316] and second is Gillespie's Motion for Extension of Time to Comply With Court's May 21, 2012 Order on Realtor Jude Gillespie's Motion for Leave to Amend [DE-317]. Gillespie seeks reconsideration or clarification of several Court Orders, which he alleges are inconsistent. Essentially, Gillespie is trying to determine the scope of the claims that he may set out in his Third Amended Complaint and the extent to which the Court has already defined and narrowed his claims through prior orders.

The Orders involved are the Court's May 21, 2012 Order Denying Motion to Dismiss [DE-314],[2] the Court's May 21, 2012 Order Granting in Part Motion for Leave to Amend [DE-315],[3] and

---

[1] This *qui tam* action by Relator Gillespie alleges that Defendants made false claims to the United States when they certified, in order to receive federal student financial aid funds, that they were in compliance with the Rehabilitation Act.

[2] In this Order, the Court noted that by prior order, Gillespie's claims have been limited to the time frame covering up until the OCR found Defendants in compliance with the Rehabilitation Act. *See* DE-314 at 4. In a footnote, the Court further stated that it would appear from documents filed with the Court that the OCR made its finding of compliance no later than May 24, 2007. *See*

the Court's May 14, 2012 Order Granting in Part Motions to Take Judicial Notice [DE-312].[4] These Orders must be read in conjunction with the Court's August 17, 2011 Order Granting in Part and Denying in Part Motion to Dismiss [DE-262]. While Gillespie asserts that these Orders are incompatible, in reality, Gillespie is seeking to broaden his claims beyond the confines previously established by the Court. The Court will not allow him to do this. However, because the Court took judicial notice of facts that it said that it would not consider as true, the Motion for Clarification is granted. Gillespie shall file his Third Amended Complaint by October 31, 2012.

In the Order Granting in Part and Denying in Part Motion to Dismiss [DE-262], the Court found that Gillespie had adequately pled his Rehabilitation Act claims but only through the point in time when OCR found that Kaplan University was in compliance with the Resolution Agreement. Thus, the Court ordered Defendants to file an answer to Gillespie's claims based on the Rehabilitation Act. Thereafter, Gillespie sought leave to file a Third Amended Complaint to clarify his existing Rehabilitation Act claims and to clarify the time period that Defendants were not in compliance with

---

*id.* at n.6.

[3]This Order also stated that Gillespie's Rehabilitation Act claims were limited to the time frame covering up until OCR found Defendants in compliance with the Rehabilitation Act. In this Order, the Court found that Gillespie had failed to plead with specificity any violations of the Rehabilitation Act specific to Defendants Kaplan, Inc. or Kaplan Higher Education Corp. *See* DE-315 at 6. Thus, the Order concluded that the only violations of the Rehabilitation Act pled with specificity were the violations of Kaplan University, which were set out in the OCR letter resulting from OCR's investigation of Gillespie's OCR complaint.

[4]In this Order, the Court stated that it would take judicial notice of several documents submitted by Gillespie and Defendants, including a monitoring letter from OCR dated May 24, 2007. However, the Court stated that it would consider the existence of the letter but would not assume the truth of the matters asserted therein. The May 24, 2007 OCR letter stated that Kaplan University had complied with all aspects of the Resolution Agreement that had been entered into by Kaplan University and OCR after OCR had found Kaplan not in compliance with certain aspects of the Rehabilitation Act.

2

the Rehabilitation Act. Defendants opposed any attempt by Gillespie to alter the time frame of the alleged violations of the Rehabilitation Act. In its Order Granting in Part Motion for Leave to Amend [DE-315], the Court found that Gillespie's proposed Third Amended Complaint failed to set out with particularity any continuing violations of the Rehabilitation Act. Thus, the Order limited any amendment of the complaint to the Rehabilitation Act violations previously pled, which ended when the OCR found Kaplan University in compliance with the Resolution Agreement.

Contrary to Gillespie's claims, the Court's Orders are not inconsistent. All of the Court Orders state the same thing – Gillespie's claims based on Rehabilitation Act violations are limited to the violations found by OCR and end when OCR found Kaplan University in compliance with the Resolution Agreement and, hence, the Rehabilitation Act. These limitations are based on Gillespie's own pleading in the Second Amended Complaint and his proposed Third Amended Complaint. Because his claims must comply with the requirements of Federal Rule of Civil Procedure 9(b), Gillespie's claims and their time frame are limited to the particularized allegations that Gillespie has set out. The Court has repeatedly held that Gillespie has only pled with particularity the Rehabilitation Act violations found by OCR and that those claims end when OCR finds that the violations have been remedied, which is the same as finding that Kaplan University is in compliance with the Resolution Agreement.

Gillespie is, however, correct that the Court has assumed the truth of the matter asserted in the May 24, 2007 OCR letter, which stated that Kaplan University had complied with the Resolution Agreement, thus contradicting its own Order regarding judicial notice. Because the Court stated that it would not assume the truth of the matters asserted in the May 24, 2007 OCR letter, the Court does not conclude that Defendants were in compliance with the Rehabilitation Act as of the date of that letter. While at the summary judgment stage that letter may be used to support such a conclusion, at

this procedural point in the case, essentially the motion to dismiss stage, it is not appropriate for the Court to conclude that the letter is accurate. Accordingly, Plaintiff's motion for clarification is granted. The Court clarifies its prior Orders as follows: Gillespie's claims regarding the Rehabilitation Act end as of the time when Defendants were in compliance with the Resolution Agreement. Because the only issues of non-compliance were addressed in the Resolution Agreement, once the Resolution Agreement has been fully complied with, the Rehabilitation Act has also been fully complied with by Defendants. However, the Court does not make any findings at this stage of the litigation as to when the Defendants were in full compliance with the Resolution Agreement and, hence, the Rehabilitation Act.

Accordingly, it is

ORDERED that:

1. Relator Jude Gillespie's Motion for Reconsideration and/or Clarification [DE-316] is GRANTED in part and DENIED in part.

    a. The Motion for Reconsideration is DENIED.

    b. The Motion for Clarification is GRANTED as set out herein.

2. Gillespie's Motion for Extension of Time to Comply With Court's May 21, 2012 Order on Realtor Jude Gillespie's Motion for Leave to Amend [DE-317] is GRANTED. Gillespie shall file his Third Amended Complaint by **October 31, 2012.**

DONE and ORDERED in Miami, Florida, this 17 day of October, 2012.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record