**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 09-20756-CIV-SEITZ/SIMONTON

UNITED STATES OF AMERICA,
*ex rel.* JUDE GILLESPIE,

        Plaintiff,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.

_____/

## ORDER DENYING MOTION TO ABATE AND MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Relator's Motion to Abate Entry of Final Judgments to Allow Magistrate's Order to Be Effectuated and Acted Upon and Motion for Expedited Briefing and Consideration [DE-399] and Relator Jude Gillespie's Rule 59(e) Motion to Reconsider Order on Summary Judgment and Alter or Amend Judgment Entered Thereon [DE-405]. Both motions seek to set aside the Court's final judgment entered after the granting of summary judgment in favor of Defendants. The Court granted Defendants a summary judgment after finding that Relator could not establish an element of his claim, namely, scienter. Both of Relator's motions seek to have the Court reexamine its summary judgment decision. However, Relator has not met his burden to establish the need for reconsideration. Consequently, both motions are denied.

*The Motion to Abate*

Relator first moves to abate entry of the final judgment because there was outstanding discovery at the time the Court entered its Order Granting Summary Judgment. Relator asserts that the unproduced documents, that the Magistrate Judge had ordered Defendants to produce,

*might* have contained evidence establishing Defendants' scienter and that the Court should have waited to address the summary judgment motions until after Defendants had produced the documents, as ordered by the Magistrate Judge.

At the time the Order Granting Summary Judgment was entered, this case had been pending for nearly five and a half years,[1] a significant amount of time, the issues had been fully joined for two years, and both parties' motions for summary judgment had been filed three months earlier. Thus, discovery had been ongoing for years at the time the summary judgment motions were decided. While the Court was aware of the outstanding discovery, no party advised it that the discovery was or might have been relevant to the pending motions. Had he felt the discovery was relevant, Relator should have, but made no attempts whatsoever to notify the Court that the outstanding discovery had any bearing on the motions for summary judgment. Under Federal Rule of Civil Procedure 56(d), Relator could have sought to defer ruling on the pending motions until after the discovery had been produced. Relator did not seek such relief. Seeking such relief now appears to be nothing more than an attempt at a second bite at the apple.

Further, the documents sought by Relator were produced to the Court for an *in camera* review. A review of the documents that the Magistrate Judge ordered produced demonstrates that they do not contain any information relevant to the scienter issue. Thus, even if Defendants

---

[1]While the case number, 09-CV-20756, indicates that this matter was filed in 2009, the case was originally filed in the Middle District of Florida in March 2008 and later transferred to this district, resulting in the 2009 case number.

had produced the documents, they would have had no effect on the entry of summary judgment.[2]

Finally, Relator's reliance on *Cowan v. J.C. Penney Co.*, 790 F.2d 1529 (11th Cir. 1986), is misplaced. In *Cowan,* the Eleventh Circuit reversed a grant of summary judgment finding that the record before the trial court established the existence of genuine issues of material fact. *Id.* at 1532. While the *Cowan* court also noted that the entry of summary judgment was premature because there was outstanding discovery, the court also noted that the plaintiff "had properly brought to the district court's attention that the discovery response from [one of the defendants] was still outstanding." *Id.* As stated above, Relator in the instant case did not do this. Consequently, the Motion to Abate is denied.

*The Motion for Reconsideration*

Relator has also filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Relator asserts that the Court's July 16, 2013 Order Granting Summary Judgment contained misapprehensions of fact and law and that facts that were termed "undisputed" in the Order were disputed based on the evidence submitted by the parties. As a result, Relator argues that the issue of scienter should not have been decided as a matter of law but should have been submitted to a jury. Relator also argues that the Court should not have granted Defendants' motion for summary judgment without addressing Relator's Motion for Partial Summary Judgment and *Daubert* motions. Because neither of these arguments have merit, the motion for reconsideration is denied.

---

[2]In order for Relator to understand the Court's conclusion regarding the documents, rather than filing the documents in the public record (although some have already been filed), the Court is ordering Defendants to produce the documents Magistrate Judge Simonton ordered produced in her July 12, 2013 Order [DE-394]. Defendants shall produce the documents to Relator by December 20, 2013.

First, Relator takes issue with four facts that the summary judgment order found were undisputed: (1) that "[n]o one ever told Ross that her policies might not comport with federal law;" (2) that Ross was up to date on employment law issues, including the Rehabilitation Act; (3) that "OCR told Kaplan's outside counsel that Kaplan was not in violation of the law, despite the OCR findings;" and (4) that Gary Kerber, a signer of a PPA at issue, was "very on board with meeting those [Rehabilitation Act] requirements." Relator argues that these facts formed the basis of the Court's findings that: (1) there was no evidence to indicate that Kaplan knew or should have known it was not in compliance with the Rehabilitation Act, (2) there was no evidence to indicate that Kaplan employees lacked the skills and experience to do their jobs, and (3) Ross had read Section 504 and was familiar with it and its implementing regulations. Relator's arguments, however, are the same previously raised by Relator in opposition to Defendants' summary judgment motion.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through-rightly or wrongly . . . .. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe* v. *Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted). Here, Relator has simply raised the same arguments he previously made. Relator has not shown that the undisputed facts are disputed.[3,4] Thus, he has not met his burden on a motion for reconsideration.

Second, Relator asserts that it was error for the Court to deny as moot Relator's Motion for Partial Summary Judgment and *Daubert* motions. Relator is concerned that the motions and their exhibits may not have been reviewed by the Court and that the Court may have improperly considered Defendants' experts. As to the *Daubert* motions, because the scienter issue did not require consideration of expert evidence, the Court did not consider such evidence in ruling on the summary judgment motion. Nothing in the Order granting Defendants' Motion for Summary

---

[3] The undisputed fact that "No one ever told Ross that her policies might not comport with federal law" should probably have read "No one, other than Relator just before he filed his OCR complaint, told Ross that her policies might not comport with federal law." However, this change is immaterial to the outcome because it does not show that Ross was aware that the policies might not comply with federal law at the time Kaplan entered into the PPA at issue.

[4] Relator misinterprets the fact that "OCR told Kaplan's outside counsel that Kaplan was not in violation of the law, despite the OCR findings." Relator appears to interpret this to be a Court finding that OCR did not find Kaplan in violation of the Rehabilitation Act. It is not such a finding. For the purposes of the Motion for Summary Judgment, the Court assumed that Relator could establish that OCR had found that Defendants' policies did not comply with the Rehabilitation Act. However, the record evidence, at best, established that Defendants' non-compliance amounted to negligence. There was not a scintilla of evidence to support a finding that Defendants acted with deliberate indifference or reckless disregard, the standard for a false claims action.

Judgment cites to, or relies on, any of Defendants' experts. As to the Motion for Partial Summary Judgment, Relator's Motion for Partial Summary Judgment focused on the single issue that Defendants had not complied with section 504 of the Rehabilitation Act. Relator has not shown that the compliance issue has bearing on the scienter issue or would have changed the outcome. Thus, Relator has not met his burden for reconsideration.

Accordingly, it is

ORDERED that:

1.     Relator's Motion to Abate Entry of Final Judgments to Allow Magistrate's Order to Be Effectuated and Acted Upon and Motion for Expedited Briefing and Consideration [DE-399] is DENIED.

2.     Relator Jude Gillespie's Rule 59(e) Motion to Reconsider Order on Summary Judgment and Alter or Amend Judgment Entered Thereon [DE-405] is DENIED.

3.     By **December 20, 2013**, Defendants shall produce to Relator the documents Magistrate Judge Simonton ordered produced in her July 12, 2013 Order [DE-394].

DONE and ORDERED in Miami, Florida, this _9th_ day of December, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record