UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20756-CIV-SEITZ/TURNOFF

UNITED STATES OF AMERICA,
*ex rel.* CARLOS URQUILLA DIAZ, *et al.*,

        Plaintiffs,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.
_____/

## ORDER DENYING RENEWED RULE 60 MOTION

THIS MATTER is before the Court on Relator Jude Gillespie's Renewed Rule 60 Motion to Vacate Summary Judgment and to Reopen Case [DE-511]. Relator Gillespie (Gillespie) seeks reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment and Denying Relator's Motion for Summary Judgment (Summary Judgment Order) [DE-396]. In that Order, the Court granted summary judgment to Defendants on Gillespie's claims arising under the False Claims Act. Specifically, the Court found that Gillespie had failed to establish scienter, a necessary element of his claims. Gillespie appealed that order. During the course of the appeal, the Eleventh Circuit took judicial notice of several documents[1] that were not considered by this Court when it ruled on the summary judgment motions. After making these documents part of the record on appeal, the Eleventh Circuit affirmed the Summary Judgment Order. Gillespie now seeks reconsideration of the Summary Judgment Order based on the Eleventh Circuit taking judicial notice of these documents, which Gillespie maintains clearly

---

[1] The documents are filed at DE-442-3, 442-4, 442-5, and 442-6. A copy of the Eleventh Circuit Order taking judicial notice is filed at DE-442-1.

establish scienter. Gillespie's Motion must be denied based on the law of the case doctrine and because the documents do not establish scienter for the necessary time period.

Under the law of the case doctrine, both district courts and appellate courts are bound by prior appellate decisions in the same case. *Alphamed, Inc. v. B. Braun Medical, Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004). The Eleventh Circuit has instructed:

> "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990) (internal quotation marks and citation omitted). Furthermore, the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication. *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir.2005) ("The [law-of-the-case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."); *Klay v. All Defendants*, 389 F.3d 1191, 1198 (11th Cir.2004) ("Realizing that a prior decision is law of the case as to matters decided explicitly and by necessary implication, we find that our prior affirmation of the district court constitutes law of the case here ...."), *cert. denied*, 544 U.S. 1061, 125 S.Ct. 2523, 161 L.Ed.2d 1111 (2005); *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir.2001) ("Generally, the law of the case doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision."); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 n. 3 (11th Cir.1990) ("While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly, as well as by necessary implication, in an earlier proceeding.") (internal quotation marks and citation omitted). The doctrine's central purposes include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders. *See United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir.1984).

*This That & The Other Gift & Tobacco, Inc. v. Cobb County, GA*, 439 F.3d 1275, 1283 (11th Cir. 2006). While there are exceptions to the doctrine, including the production of new and substantially different evidence, *id.* at 1283, the exceptions do not apply in consideration of Gillespie's Motion.

Here, Gillespie argues that the Court must now consider the evidence it did not consider

2

in reaching its decision on summary judgment. However, in this case, because the Eleventh Circuit took judicial notice of the evidence at issue,[2] that evidence became part of the record before the Eleventh Circuit. Thus, Gillespie has not presented any new and substantially different evidence that was not considered by the Eleventh Circuit. In other words, the Eleventh Circuit has already considered the evidence that Gillespie now wants this Court to consider. Under the law of the case doctrine, this Court is bound by the findings of fact and conclusions of law of the Eleventh Circuit, including that court's conclusion that Gillespie failed to establish scienter, even with consideration of the documents at issue. Consequently, Gillespie's Motion must be denied.

Furthermore, even if the Court were to consider this new evidence, Gillespie's Motion would fail. As the Summary Judgment Order notes, based on a prior Court order, the relevant time period for purposes of the Summary Judgment Order was prior to May 24, 2007. While Gillespie may take issue with the May 24, 2007 cut-off, reconsideration of that conclusion is not currently before the Court because that conclusion was not made in the Summary Judgment Order. The documents submitted by Gillespie primarily post-date the time period relevant to the Summary Judgment Order and address issues that arose after the May 24, 2007 date. Thus, had the Court, prior to issuance of the Summary Judgment Order, considered these documents addressing the later time period, the outcome would not have changed.

Accordingly, it is

---

[2]Gillespie points out that the Eleventh Circuit took judicial notice of both the existence and the content of these documents. *See* DE-442 at 10.

3

ORDERED that Relator Jude Gillespie's Renewed Rule 60 Motion to Vacate Summary Judgment and to Reopen Case [DE-511] is DENIED.

DONE and ORDERED in Miami, Florida, this 30th day of June, 2016.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record