UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20756-CIV-SEITZ

UNITED STATES OF AMERICA,
*ex rel.* CARLOS URQUILLA DIAZ,

        Plaintiff,

v.

KAPLAN UNIVERSITY, *et al.*,

        Defendants.

_____/

## ORDER DENYING RELATOR'S MOTION TO FILE SUPPLEMENTAL DECLARATION AND DENYING RULE 59 MOTION

THIS MATTER is before the Court on Relator Diaz's Amended Motion for Leave to File Supplemental Declaration of Paris Henderson [DE-663] and Relator Diaz's Federal Rule of Civil Procedure 59 Motion to Alter or Amend Orders [DE-665].[1] The Amended Motion for Leave to File is essentially a motion to reconsider the Court's Order Denying Motion for Leave to File [DE-658].[2] The Amended Motion for Leave to File offers no new reasons for granting leave and

---

[1] Relator filed two Federal Rule of Civil Procedure 59 Motions to Alter or Amend Orders, one at DE-664 and one at DE-665. A cursory review indicates that the motions are the same. Thus, the Court will address only the later filed motion, DE-665, and deny the earlier filed motion, DE-664, as moot.

[2] The Supplemental Declaration that both motions seek to file is an attempt by Relator and Henderson to explain why Henderson's earlier filed declaration did not constitute a sham affidavit. Relator filed the first motion for leave to supplement after Defendants' raised the sham affidavit issue in objections to material submitted by Relator in opposition to the summary judgment motion. However, the first motion for leave to file was not filed as a timely response to the objections, did not comply with Local Rule 7.1, and the "clarifications and explanations" offered by the supplemental declaration could have been raised earlier in the summary judgment briefing. Thus, the Court denied the first motion for leave to file. Moreover, even if the Court were to permit the filing of the Supplemental Declaration of Paris Henderson, its "clarifications and explanations" are irrelevant to the issues of scienter and the public disclosure bar and, thus, would have had no effect on the outcome of the summary judgment motion.

does not point to any errors in the Court's denial of the original motion. Accordingly, it is denied. In the Rule 59 Motion, Relator seeks reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment [DE-660] (the Summary Judgment Order) and the final judgment entered in favor of Defendant after the grant of summary judgment [DE-661]. Relator, asserting that the Court made a clear error of fact, moves for relief pursuant to Federal Rule of Civil Procedure 59(e). Relator has not met his burden for Rule 59(e) relief because the Rule 59 Motion simply re-argues the same arguments that Relator previously raised. Consequently, the Rule 59 Motion is denied.

*Rule 59(e) Standard*

While Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment, it does not set out the circumstances under which a court may grant such relief. The Eleventh Circuit has held that "the only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 11119 (11th Cir. 1999)). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). When a litigant simply thinks a district court's ruling is wrong, the proper remedy is to appeal the ruling, not to seek reconsideration. *Jacobs v. Tempur-Pedic International, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Thus, reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

*Relator's Motion*

Relator raises three bases for his motion: (1) the Court misunderstood the facts relating to the element of scienter because it could not find all of the evidence submitted by Relator; (2) the Court misunderstood the facts regarding whether Relator qualified as an "original source;" and (3) the Court misinterpreted and misapplied the law regarding whether Relator's claims were "based upon" public disclosures. All of these arguments were made, or could have been made, at summary judgment. Thus, Relator's motion is nothing more than an attempt to relitigate matters already considered and decided by the Court. For this reason alone, the Rule 59 Motion should be denied. The Court will address these arguments in reverse order.

Relator maintains that the Court misapplied the law as to whether his claims were "based upon" a prior public disclosure. Relator insists that the Court should apply the definition of "based upon" set out by the District Court of Massachusetts in *United States ex rel. LaValley v. First National Bank of Boston*, 707 F. Supp. 1351 (D. Mass. 1988). However, in the Summary Judgment Order, the Court, after reviewing the case law discussing what "based upon" meant, chose to follow the majority of circuit courts that have addressed the issue. Thus, the Court did not misapply the law; it chose to follow the approach of nine circuit courts instead of the approach of a single district court. Further, this issue was fully briefed in the summary judgment motion, its response, and the reply. Thus, this is nothing more than a re-argument of a previously raised issue and, as such, is not the proper basis for a Rule 59(e) motion.

Relator next argues that the Court misunderstood the facts regarding whether he qualifies as an "original source" under the False Claims Act (FCA). Again, Relator raises arguments that were briefed and rejected at summary judgment. As set out in the Summary Judgment Order,

3

under the FCA an original source must have "direct and independent knowledge" of the alleged fraud. The evidence before the Court, including Relator's own deposition testimony, clearly established that Relator did not have such knowledge. As pointed out in the Summary Judgment Order, Relator's testimony established that his knowledge came from what other people said and from looking at documents over the shoulders of other people. This is not the type of direct and independent knowledge required by the FCA. Accordingly, relief is not warranted based on this argument.

Finally, Relator contends that the Court misunderstood the evidence, or could not find it in the haphazardly filed record, relating to the issue of scienter. However, the evidence that Relator points to in his Rule 59 Motion is not evidence of scienter; it is evidence of falsity. Evidence of scienter requires evidence that a person acted with actual knowledge, deliberate ignorance, or reckless disregard of the truth. Thus, evidence that may indicate that Defendants' Gem compensation plan violated the incentive compensation ban does not establish scienter – the requisite knowledge element of Relator's claim. None of the evidence raised by Relator in his Rule 59 Motion pertains to Defendants' knowledge when certifying compliance with the incentive compensation ban.[3] Further, Relator made these arguments previously and, thus, is simply re-arguing the issues raised at summary judgment. Consequently, Relator's Rule 59

---

[3]In paragraph number 2 on page 5 of his Rule 59 Motion, Relator points out that there may have been some confusion over the terminology used to refer to annual compliance certifications and, thus, the Summary Judgment Order noted that the only certifications at issue were the PPAs. However, even if the Court had also considered the annual certifications Relator refers to in his motion, Relator presented no evidence regarding Defendants' scienter at the time the certifications were submitted. The certifications alone do not demonstrate scienter. Further, Relator admits in the instant motion that it appears he failed to file these certifications as part of the exhibits to his opposition to summary judgment.

4

Motion is denied.

Accordingly, it is

ORDERED that:

1. Relator Diaz's Federal Rule of Civil Procedure 59 Motion to Alter or Amend Orders [DE-664] is DENIED as moot.

2. Relator Diaz's Federal Rule of Civil Procedure 59 Motion to Alter or Amend Orders [DE-665] is DENIED.

3. Relator's Amended Motion for Leave to File Supplemental Declaration of Paris Henderson is DENIED.

DONE and ORDERED in Miami, Florida, this 10th day of October, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record